UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES OF AMERICA | * | CRIMINAL |
| | * | DOCKET |
| | * | |
| VERSUS | * | NO. 08-231 |
| | * | |
| | * | |
| WALLACE THOMPSON | * | SECTION "L" |

**ORDER & REASONS**

Pending before the Court is Petitioner Wallace Thompson's Motions to Reduce Sentence pursuant to USSC Amendment 782. R. Docs. 1570, 1592. The Court has reviewed the briefs and the applicable law and now issues this Order and Reasons.

**I.   BACKGROUND**

These Motions seek to reduce Defendant's sentence after he was convicted for his role in a drug conspiracy. R. Docs. 1570, 1592. In 2007, the Federal Bureau of Investigation initiated an investigation into the drug trafficking activities of co-defendant Jermaine Winchester along with others who conspired with him. R. Doc. 734. During the course of the investigation, agents intercepted thousands of phone calls using a court-approved Title III wiretap, which implicated Thompson in the conspiracy as a principal supplier of "multiple kilograms of powder cocaine." *Id*.

A federal grand jury returned a second superseding indictment on February 26, 2010, charging Thompson, along with several other individuals, in a conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base crack, five kilograms or more of cocaine hydrochloride and a quantity of marijuana. R. Doc. 538.

1

In July of 2010, the Government gave notice it intended to introduce evidence that Thompson was pulled over by officials in Orange County where they discovered $33,000.00 inside the vehicle and that in 2006 Thompson was involved in an incident in Houston, Texas where a certain amount of money was stolen from his truck. *See* R. Doc. 712. On July 29, 2010, Thompson pled guilty to count one of the second superseding indictment. He signed a written factual basis which alleged he was responsible for "at least 15 kilograms but less than 50 kilograms of cocaine hydrochloride." R. Doc. 734. The factual basis included information about the Orange County and Houston, Texas incidents, including that the amount stolen from Thompson's truck was $270,000. Thompson signed a Rule 11(c)(1)(C) plea agreement, which recommended a specific sentencing range of 180 months to life imprisonment. R. Doc. 733.

Sentencing took place on January 6, 2011. Thompson filed a sentencing memorandum requesting a rejection of his plea agreement and a downward department or variance to his sentence. R. Doc. 934. Specifically, he contended that the Government breached the plea agreement by using immunized statements against him in order to increase the amount of drugs attributed to him, which ultimately affected his sentencing. R. Doc. 934 at 3. As such, Thompson requested this Court to reject his 11(c)(1)(C) plea agreement based on the alleged breach. This Court denied Thompson's request and accepted the plea agreement and found that the Government's recommended sentencing was based on information "properly based on the investigative resources prior to the Defendant's debriefing." R. Doc. 1064. This Court sentenced Thompson to 180 months imprisonment. R. Doc. 932.

Thompson was granted appellate review of this Court's decision. Applying general principles of contract law to the plea agreement, the United States Court of Appeals for the Fifth Circuit held that the Government's conduct was consistent with Thompson's reasonable

understanding of the agreement. *United States v. Thompson*, 456 Fed. Appx. 508, 510-11 (5th Cir. 2012). In particular, the Fifth Circuit, reviewing this Court's decision for clear error, found that Thompson failed to meet his burden of demonstrating, by a preponderance of the evidence, that the Government breached the agreement. *Id.* Specifically, the Court found that the use of information pertaining to the theft in Houston and confiscation in Orange County to increase the amount of drugs attributed to Thompson for sentencing was not inconsistent with the parties' reasonable understanding of the agreement, because the plea agreement explicitly referred to that information as the basis for the agreed-upon sentence. *See id.* Further, the Court found that Thompson had not proven that this information was obtained by the Government solely through his debriefing. *Id.* The Court elaborated on this finding:

> As for the $33,000 found in Thompson's truck, the Government's notice of intent stated the money was "inextricably intertwined with the charged conspiracy," and the factual basis specifically identified the money as "[o]ther evidence of drug trafficking." As for the money stolen form Thompson in Houston, the notice provided that the money was intended to be used for purchasing cocaine. The factual basis provided further details of the incident, stating that it occurred in 2006 and that the amount stolen was $270,000. Moreover, Thompson's counsel verified that the Government had such information during pre-plea negotiations. Finally, the pre-sentence investigation report outlined various other sources of information regarding Thompson's activities, including other defendants and wiretapped conversations.

*Id.* Concluding that "Thompson [had] not demonstrated that the disputed information was solely provided by him during debriefing," the Fifth Circuit affirmed this Court. *Id.* at 511.

## II. PRESENT MOTION

Thompson has filed two Motions to Reduce his sentence pursuant to 18 U.S.C. § 3582 (c)(2). R. Docs. 1570, 1592. Thompson advances three arguments in support of his position. First, he alleges that he was sentenced to 180 months, which was above his applicable guideline range of 108-135 months and above the 120 months included in his plea agreement. R. Doc. 1570 at 2.

3

Second, he contends that he is entitled to a 2-point reduction pursuant to Amendment 782. R. Doc. 1570 at 2. According to Defendant, if this reduction is applied, his new guideline range would be 108-135 months, and this Court should resentence him to a prison term of 108-120 months. R. Doc. 1570 at 2. Third, Thompson argues that he has taken advantage of educational opportunities while incarcerated, and maintains a close relationship with his family, and this is "uniquely qualified" for a reduction. R. Doc. 1570 at 2-3.

### III. LAW & ANALYSIS

Title 18 U.S.C. § 3582(c)(2) provides that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." However, that provision is not applicable here. *See United States v. Williams*, 609 F.3d 368, 372–73 (5th Cir. 2010) ("A review of the plea agreement, sentencing record, and applicable guidelines demonstrates that [the Defendant's] sentence was not "based on" the subsequently amended crack-offense guidelines.") Here, Thompson was not sentenced based solely on his guideline range, but pursuant to a Rule 11(c)(1)(C) plea agreement, which recommended a specific sentencing range of 180 months to life imprisonment. See R. Doc. 1066 at 46, ¶ 238. In accepting the agreement and issuing the sentence of 180 months, the Court reviewed the plea agreement, the facts of the case, as well as the sentencing memorandum. Transcript of January, 6, 2011 Sentencing Proceedings at 22, United States v. Thompson, No. 08-231. "While the guidelines range may have affected the plea negotiations, [the Fifth Circuit has] never held that such a tenuous connection is sufficient to establish that a defendant's ultimate sentence was in fact "based on" the Guidelines, as that term is used in § 3582(c)." *United States v. Williams*, 609 F.3d 368, 373 (5th Cir. 2010). Therefore, the Defendant is not entitled to a reduction pursuant to 28 U.S.C. § 3582(c).

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Thompson's Motions to Reduce his Sentence, R. Docs. 1570 and 1592, pursuant to 28 U.S.C. § 3582(c) are **DENIED.**

New Orleans, Louisiana, this 17th day of November, 2016.

_____
ELDON E. FALLON
UNITED STATES DISTRICT JUDGE