UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 08-231 |
| v. | * | SECTION: "L" |
| WALLACE THOMPSON | * | |

\* \* \*

## ORDER AND REASONS

The Court has before it Defendant Wallace Thompson's Motion for Early Termination of Supervised Release, R. Doc. 1854. The Government has responded in opposition. R. Doc. 1585. Having considered the briefing and the applicable law, the Court rules as follows.

On July 29, 2010, Thompson pleaded guilty to Conspiracy to Distribute and Possess with Intent to distribute 50 grams or more of cocaine base, 5 kilograms or more of cocaine, and marihuana in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). R. Doc. 538. On January 6, 2011, this Court sentenced Thompson to 180 months imprisonment followed by a five-year term of supervised release. R. Doc. 932. Subsequently, this Court granted Thompson's Motion for a Sentence Reduction, and reduced his sentence to 145 months. R. Doc. 1729. Thompson was released from custody on August 20, 2020 and began his five-year term of supervised release. R. Doc. 1854.

On April 14, 2023, Thompson submitted the instant motion to the Court, seeking early termination of his term of supervised release. Thompson asserts that he has been "working [his] best to maintain being a productive citizen[,]" that he has completed rehabilitation programs, has

had no violations, has obtained a CDL license and a stable job, and has been active in church and gotten his own car and apartment. R. Doc. 1854. For these reasons, Thompson states that he believes he is an eligible candidate for early termination of his supervised release. The Government opposes Thompson's motion, arguing that Thompson has failed to carry his burden to show any unusual or extraordinary reasons to merit early termination of his supervised release. R. Doc. 1858.

18 U.S.C. § 3583(e)(1) provides courts with broad discretion in determining whether to terminate supervised release. *See United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir.1998). However, good behavior, or even a "defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." *United States v. Boudreaux*, 2020 WL 7635708 at *1 (W.D. La. Dec.2, 2020) (citation omitted). Here, Thompson "is merely abiding by the terms of his supervised release, which is the expectation for all defendants." *United States v. Hayes*, 2013 WL 5328874, at *1 (E.D. La. Sept. 20, 2013). Thompson presents no reason above and beyond his general good behavior that would justify early termination of his supervised release. *See id.* (denying motion for early termination of supervised release because defendant "did not present any extraordinary circumstances which would merit the termination of his supervised release).

Accordingly, Defendant's Motion, R. Doc. 1854, is **DENIED**.

New Orleans, Louisiana, this 11th day of May, 2023.

_____
United States District Judge